IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY PSYCH. DR. HARTMAN; LANCASTER COUNTY COURTS, District 3; JUDGE DALTON; PATRICK CONDON; and TODD MOLVAR, Attorney,<br><br>Defendants. | 8:21CV162<br><br><br>**MEMORANDUM AND ORDER** |

    Plaintiff, a state prisoner, filed his pro se Complaint on April 19, 2021, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. STANDARDS ON INITIAL REVIEW

    The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

    "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff complains that on January 29, 2021, he was found incompetent to stand trial for criminal charges filed in the County Court of Lancaster County, Nebraska, and was ordered committed to the Lincoln Regional Center ("LRC") for treatment. Plaintiff claims he is competent, and alleges he was not permitted to make his case before the county court; that he was not permitted to see a document his court-appointed attorney submitted; and that he received no response to a request for new counsel. Plaintiff objects to having been sent to LRC for his evaluation, because of a "traumatizing history" when he was a patient at that facility during 2016 and 2017. Plaintiff also complains that because he has been diagnosed with autism, he should not be housed with mentally ill and dangerous persons at LRC. It appears Plaintiff is currently being held at the Lancaster County Jail. Plaintiff Complaint does not contain a request for relief, but in a supplemental filing (Filing 9) Plaintiff states that he wants the Lancaster County Court's commitment order reversed, and

that he is suing Dr. Hartman, Judge Dalton, Public Defender Molvar, and County Attorney Condon in their individual capacities only.

### III. DISCUSSION

Liberally construing Plaintiff's allegations, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

    a. Public Defender Molvar

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *West*, 487 U.S. at 50. Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Dodson*, 454 U.S. at 322 n.13. That is the situation presented here.

A § 1983 claim may be brought against a public defender who conspires with a state actor to deprive an individual of a federally-protected right, *see Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), but the allegations of Plaintiff's Complaint fall far short of stating a plausible conspiracy claim involving his attorney. *See Harris v. Craig*, No. 8:20CV17, 2020 WL 2914026, at *2 & n. 1 (D. Neb. June 3, 2020) (collecting cases).

    b. County Attorney Condon

A county attorney or deputy county attorney is a "state actor," but prosecutors "are entitled to absolute immunity from civil liability under § 1983 when they are

3

engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis,* 461 F.3d 1043, 1046 (8th Cir. 2006), quoting *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003). Plaintiff does not allege that County Attorney Condon played any part at his competency hearing, but if he did, he was necessarily engaged in a prosecutorial function. Nebraska law specifies that if it appears a criminal defendant has become incompetent to stand trial, a county attorney may call this fact to the judge's attention. *See* Neb. Rev. Stat. § 29-1823. Plaintiff complains that the county attorney will not request that the commitment order be reversed, but that is not the county attorney's function.

      c. Dr. Hartman

Plaintiff alleges that the document his public defender submitted to the court was prepared by Dr. Hartman, as the "county psych evaluator," but it is not alleged that Dr. Hartman engaged in any misconduct to violate Plaintiff's constitutional rights. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015). Moreover, the document that was submitted to the court presumably was Dr. Hartman's report of Plaintiff's psychiatric evaluation, which was performed at the direction of the court. As such, Dr. Hartman is immune from suit regarding the contents of that report. Individuals "perform[ing] functions essential to the judicial process" enjoy absolute immunity against suit based on those actions. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998), quoting *Moses v. Parwatikar,* 813 F.2d 891, 892 (8th Cir. 1987) (court-appointed psychiatrist performing competency examination enjoyed absolute immunity); *see also Mikhail v. Kahn*, 991 F. Supp. 2d 596, 662-65 (E.D. Pa.) (examining psychologist and psychiatrist had absolute quasi-judicial immunity for their acts pursuant to their court-appointed roles, and also absolute witness immunity for their testimony), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("Individuals charged with the duty of carrying out facially valid court orders enjoy quasi-judicial absolute immunity from liability for damages in a suit challenging conduct prescribed by that order. This immunity extends to evaluative functions when the evaluation is done, as it plainly was here, to assist the court in its decision-making process.") (citation omitted).

    d. Lancaster County Court

"Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment, anyway." *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993).

    e. Judge Dalton

A county court judge is a "state actor," but is immune from suit for damages under § 1983 in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373).

An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Further, where immunity is concerned, the scope of a judge's jurisdiction must be construed broadly. *Schottel*, 687 F.3d at 373.

Here, Judge Dalton's action in presiding over Plaintiff's competency hearing and in committing him to LRC for treatment were clearly acts normally performed by a judge in his or her judicial capacity. Judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). It is also clear that Judge Dalton did not act in complete absence of all jurisdiction because Nebraska law grants authority to county court judges to determine a criminal defendant's competency to stand trial, to order an evaluation, and to commit a mentally incompetent defendant to a state hospital for treatment. *See* Neb. Rev. Stat. § 29-1823.

Insofar as Plaintiff is requesting this court to intervene in his criminal case and to order Judge Dalton to reverse his order finding Plaintiff incompetent to stand trial and committing Plaintiff to LRC for treatment, this court does not have subject

5

matter jurisdiction. Under the *Rooker–Feldman* doctrine,[1] federal district courts generally lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. See *Mosby v. Ligon,* 418 F.3d 927, 931 (8th Cir.2005). "The basis for the *Rooker/Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." *Dornheim v. Sholes,* 430 F.3d 919, 923 (8th Cir.2005). *See Zessin v. Moore*, No. 807CV0171, 2007 WL 2344803, at *1-2 (D. Neb. Aug. 13, 2007) (holding *Rooker–Feldman* divested the federal district court of jurisdiction over action to enjoin enforcement of a state court order that plaintiff be administered antipsychotic drugs in an effort to assist him in becoming competent to stand trial). Under Nebraska law, "an order finding [a criminal defendant] incompetent to stand trial and ordering him confined until such time as he is competent is a final order from which an appeal may be taken …." *State v. Guatney*, 299 N.W.2d 538, 543 (Neb. 1980); *State v. Jones*, 605 N.W.2d 434, 437-38 (Neb. 2000).

And, even assuming for the sake of analysis that this court has subject matter jurisdiction, abstention is compelled by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), which restricts federal court interference with pending state court criminal proceedings. *See Zessin*, 2007 WL 2344803, at *2-3 (*Younger* abstention applied to plaintiff's claim for injunctive relief regarding state court's involuntary medication order, and also to plaintiff's claim for damages against physicians at LRC who prescribed and directed the course of treatment). "These state court proceedings for commitment are 'in aid of and closely related to criminal statutes.'" *Coley v. Clinton*, 635 F.2d 1364, 1371 (8th Cir. 1980) (holding *Younger* abstention applied where former inmates of state mental hospital challenged constitutionality of commitment procedures and hospital policy for housing assignments) (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). "Therefore the doctrines of comity and federalism set forth in *Younger* preclude federal court intervention by way of injunctive or declaratory relief in the absence of a showing of bad faith on the part of the state in maintaining the proceedings, exceptional circumstances, or other limited grounds

---

[1] See *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415, 416 (1923).

6

recognized by the Supreme Court as an exception to the *Younger* rule." *Coley*, 635 F.2d at 1371 (citing cases). No such grounds are alleged here.

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal for lack of subject matter jurisdiction, or because *Younger* abstention applies. In addition, some of the defendants are immune from suit, and, overall, the Complaint fails to state a claim upon which relief may be granted. Plaintiff will not be given leave to amend, because it would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when amendment would be futile, as where claims are frivolous or could not withstand a motion to dismiss).

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Judgment will be entered by separate document.

Dated this 14th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge