IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY PSYCH. DR. HARTMAN; LANCASTER COUNTY COURTS, District 3; JUDGE DALTON; PATRICK CONDON; and TODD MOLVAR, Attorney,<br><br>Defendants. | 8:21CV162<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff has filed a motion to re-open this case (Filing 26), which was dismissed without prejudice on June 14, 2021. The motion will be denied.

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6) permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.*, at 529. Relief under Rule 60 (b)(6) is available only in extraordinary circumstances. *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017).

Plaintiff indicates he wishes to assert a new claim regarding conditions of confinement at the Lancaster County jail—specifically, the administration of certain medication. The complaint in this matter challenged Plaintiff's commitment to the Lincoln Regional Center after he was found incompetent to stand trial for criminal charges. Lancaster County is not a party to this action and, in any event, a post-judgment motion for leave to assert an entirely new claim is untimely. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 825 (8th Cir. 2009).

IT IS THEREFORE ORDERED that Plaintiff's motion to re-open case (Filings 26) is denied.

Dated this 29th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge